BEA, Circuit Judge,
dissenting:
I disagree with the majority’s view that one silly reference to inadmissible evidence by the immigration judge (“IJ”) is like a drop of ink in clear water, spoiling the *263 remainder of the IJ’s rationale with respect to his adverse credibility determination, no matter how well-reasoned. In fact, I think just the opposite: if grounds independent of the IJ’s inadmissible reference exist in the record, this court is bound to affirm those independent grounds with respect to the IJ’s adverse credibility finding against Guan.
The IJ cited several facts, entirely unrelated to the California Laioyer article, to support his adverse credibility finding against Guan: (1) Although Guan claimed persecution awaited him in China, Guan failed to seek asylum upon his arrival in the United States; (2) Guan later renewed his B-l visa, but failed to seek asylum at that time; and (3) Guan’s parents and his brother, who is also Christian, live peaceably in the house where Guan held Christian meetings in China. Each and all of these reasons provide substantial evidence upon which the IJ could disbelieve Guan’s testimony that he feared persecution should he return to China.
Moreover, I strongly disagree with the majority’s view that the “IJ has not taken into account Guan’s explanation for why he did not do any of these things until he did seek asylum.” Guan was asked why he did not “do these things.” Guan’s answer: “I felt the free air.” The IJ heard this “explanation,” which was no explanation at all, other than Guan thought he could stay in the United States forever without further ado about immigration procedures. But that could not have been the true explanation; Guan knew enough to renew his B-l visa through an attorney. Thus, even if the IJ did not take the explanation “into account,” the explanation did not add up, and would not change the accounting.
For the foregoing reasons, I respectfully dissent.